**TJHAY LIE BIE, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 03–4836–AG.

United States Court of Appeals, Second Circuit.

May 9, 2006.

Tjhay Bie Lie, Elhmurst, New York, for Petitioner, pro se.

G.F. Peterman III, Acting U.S. Atty. for the Middle District of Georgia, Sharon T. Ratley, Asst. U.S. Atty., Macon, Georgia, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Tjhay Bie Lie,[1] *pro se,* petitions for review of the BIA decision affirming Immigration Judge ("IJ") Miriam Mills' decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We lack jurisdiction to review the IJ's factual finding that Lie's asylum application was untimely, and that he failed to establish changed circumstances in Indonesia excusing the late filing, because he has not raised any related legal or constitutional questions. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151–54 (2d Cir.2006).

Withholding of removal, however, is not subject to any filing deadlines, *see id.* at 156–57, and the IJ's factual findings underlying the denial of that claim are reviewed for substantial evidence, *id.* at 155. *See Xiao Ji Chen,* 434 F.3d at 155–58. Under this standard, we treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Legal errors, however, are reviewed *de novo,* and this Court retains "substantial authority" to vacate and remand when the agency has failed to apply the law correctly or to support its findings with record evidence. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006) (citing *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003)).

■ Here, the IJ did not make an explicit finding on whether Lie had suffered past persecution. Although Lie did not emphasize his personal experiences of harm in his testimony, and the IJ's opinion arguably could be construed as finding that he suffered only harassment other than persecution, it was the IJ's responsibility to make this finding explicit. *See id.* at 340–41. The IJ's oversight complicates our review of Lie's withholding claim, because it is not clear whether he was entitled to the presumption of a well-founded fear of future persecution, and this Court may not speculate about how a hypothetical adjudicator would have weighed the evidence. *See id.* at 337, 340–41.

Whether or not Lie was entitled to the presumption of a clear probability of future harm, further review of the IJ's analysis reveals additional errors. The IJ ignored record evidence of the substantial overlap between Chinese ethnicity and Christianity in Indonesia, thereby resting her conclusions on the erroneous assumption that Lie was not a Christian. Additionally, she misconstrued his claim that ethnic Indonesians routinely targeted the Chinese as scapegoats for every economic

---

1. Petitioner's own filings in the record indicate that Lie is his surname, and that his names should be ordered as "Bie Tjhay Lie." This Court's caption lists his last name as "Lie Bie," and the record indicates that the confusion over the proper order stems from the BIA's decision, issued to "Lie, Bie, Tjhay." This order refers to him as Lie, for purposes of consistency with his own filings.

downturn as one of generalized civil strife and economic weakness. While the IJ reasonably noted that Lie failed to point to specific evidence of violence in his home city of Surabaya, where his family members remained, unharmed, these error-free findings are insufficient to sustain the decision as a whole. *Cf. Xiao Ji Chen,* 434 F.3d at 162–63. Because the IJ failed to make a finding regarding past persecution, erroneously assumed that Lie was not a Christian, and misconstrued the country reports, this Court cannot predict with confidence that the IJ would reach the same result on remand. *See id.* Accordingly, the case is remanded for a reevaluation of Lie's eligibility for withholding.

Finally, Lie has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). Moreover, we lack jurisdiction over this claim because Lie failed to exhaust it before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, in part, the BIA's order is VACATED, in part, and the case is REMANDED for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).